UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22mj02149 Becerra

UNITED STATES OF AMERICA

vs.

RAMON AVILA,

    **Defendant.**
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?   No

    Respectfully submitted,
    JUAN ANTONIO GONZALEZ
    UNITED STATES ATTORNEY

BY:    /s/ Michael Brenner
    MICHAEL BRENNER
    Assistant United States Attorney
    Fla. Bar No. 1011238
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel: 305-961-9052
    Email: Michael.Brenner@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>RAMON AVILA,<br><br>*Defendant(s)* | )<br>)<br>) Case No. 1:22mj02149 Becerra<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Janaury 31, 2022__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46504 | Interference with Flight Crew Members and Attendants |

This criminal complaint is based on these facts:

**SEE ATTACHED AFFIDAVIT.**

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Rayan Bahlawan, FBI Special Agent
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone.__

Date: 01/31/2022

_____
*Judge's signature*

City and state: __Miami, Florida__    Hon. Jacqueline Becerra, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Rayan Bahlawan, a Special Agent with the Federal Bureau of Investigation ("FBI") being duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been a Special Agent ("S/A") with the FBI for five years, and am currently assigned to the FBI Office at Miami International Airport, in Miami-Dade Florida. My responsibilities include investigating counterterrorism and special jurisdiction of aircraft. Thus, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). That is, I am an officer of the United States, who is empowered by law to conduct investigations of, and make arrests for, offenses enumerated in 49 U.S.C. § 46504.

2. This affidavit is submitted in support of a criminal complaint, which charges Ramon Avila ("AVILA") with interference of flight crew members and attendants, in violation of Title 49, United States Code, Section 46504.

3. The information set forth in this affidavit comes from my personal involvement in this investigation, as well as from information provided to me by other law enforcement officers and people with knowledge of the case. This affidavit does not represent every fact law enforcement knows about this investigation and is submitted for the limited purpose of establishing probable cause for the issuance of the criminal complaint against AVILA for the aforementioned criminal violations.

**SUMMARY OF THE INVESTIGATION**

4. On or about January 30, 2022, at approximately 6:20 p.m. on Spirit Airlines Flight No. 3118 (the "Flight") from Aeropuerto de Medellín ("MDE") to Miami International Airport ("MIA"), a Spirit Airlines flight attendant (hereafter "B.P."), was performing her duties of checking passengers for face mask compliance pursuant to Title 86, Federal Register, 8025,

requiring persons to wear masks while on conveyances and on transportation hubs such as an airplane (the "Mask Mandate").

5. Once the passengers had boarded the Flight, the flight crew broadcasted an announcement over the plane's intercom system that passengers must wear their masks at all times. AVILA was seated in an aisle seat in row 29 of the plane. Prior to takeoff, AVILA continued to violate the Mask Mandate by not wearing his mask to cover his mouth and nose. On several occasions, the flight crew instructed AVILA to wear his mask in compliance with the Mask Mandate. AVILA mocked the flight crew for these continued instructions and continued not to comply with the Mask Mandate.

6. As the Flight was taxiing on the airport runway in MDE, a flight attendant on the Flight ("Flight Attendant 1") heard loud noises, which she expected was coming from a passenger's phone. At this time, since the Flight was preparing for takeoff, passengers were not supposed to be utilizing their phones. Flight Attendant 1 made an announcement over the Flight intercom to instruct passengers that they were not permitted to be using their phones at that time. Nonetheless, the loud sounds continued. Flight Attendant 1 asked B.P. to check to see where the noises were coming from. B.P. was already buckled into the jump seat[1] of the plane. B.P. got out of the jump seat and began to investigate where the loud noises were coming from.

7. Upon investigating further, B.P. learned that the loud noises were coming from the passenger sitting in the window seat of row 29 of the Flight. B.P. asked the passenger to turn off his phone, lower the volume, or to use headphones. At the same time that B.P. was addressing the

---

[1] A jump seat is an auxiliary seat for individuals—other than normal passengers—who are not operating the aircraft.

noise issue, B.P. observed that AVILA, who was sitting in the same row, again did not have his face mask on, and was therefore not in compliance with the Mask Mandate.

8. B.P. again asked AVILA to comply with the Mask Mandate. Upon receiving this instruction, AVILA took his forearm and pushed B.P. in the abdomen and stated, "I will" and "but give me my space." The force of the push caused B.P. to take a step back in order to maintain her balance. B.P. described the push as aggressive and forceful and was intimidated by AVILA's conduct. B.P. did not sustain any physical injuries. Flight Attendant 1 also witnessed AVILA assault B.P.

9. After witnessing the assault, Flight Attendant 1 contacted another crew member to report the incident. Given that the Flight was moments from takeoff, the Flight crew decided to address the incident once the Flight had landed in MIA.

10. For the duration of the Flight, AVILA continued not to comply with the Mask Mandate. In light of the assault, B.P. did not want to aggravate the already tense situation and did not try and continue to make AVILA comply with the Mask Mandate. Thus, the assault interfered with B.P.'s ability to perform her duties as a flight attendant.

11. Upon landing at MIA, the Miami Dade Police Department responded to the scene. Law enforcement took a statement from B.P. Law enforcement attempted to interview AVILA, but he did not want to speak to law enforcement and invoked his *Miranda* rights.

[remainder of page left blank intentionally]

## CONCLUSION

10.     Based on the aforementioned factual information, I respectfully submit that there is probable cause to support the arrest of AVILA, for interference of flight crew members and attendants, in violation of Title 49, United States Code, Section 46504.

FURTHER SAYETH YOUR AFFIANT NAUGHT.

Rayan Bahlawan
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Telephone this 31st day of January 2022, at Miami, Florida.

_____
HONORABLE JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE